|   |   |
|---|---|
| THOMAS KLASSY,<br>   Plaintiff,<br> v.<br>THE GEO GROUP, INC.,<br>   Defendant. | Case No. 18-cv-07565-JSC<br><br>**SECTION 1915 SCREENING OF INITIAL COMPLAINT**<br><br>Re: Dkt. No. 1 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Mr. Thomas Klassy sues The GEO Group, Inc. ("GEO") for allegedly falsely reporting to the Social Security Administration ("SSA") that he was incarcerated. (Dkt. No. 1.) Having granted Mr. Klassy's application to proceed in forma pauperis, (Dkt. No. 6), the Court now screens the complaint pursuant to 28 U.S.C. § 1915 and concludes that the complaint is deficient for the reasons stated below.

**COMPLAINT ALLEGATIONS**

Mr. Klassy asserts federal subject matter jurisdiction based on both diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331. (Dkt. No. 1 at 3.) Mr. Klassy's statement of claim, states, in its entirety:

> While residing at 111 Taylor St Apartments, San Francisco, CA 94102, my apartment was [e]ntered and searched by Patrice Scott, on March 7, 2017 and Christine Loo, on June 20, 2018, both while employed by and under the direction of The GEO Group, Inc. In each case, numerous personal properties were removed from my room. At the time of my r[e]sidence at 111 Taylor St Apts, the Administrator told the S[oc]ial Security Administration officials and the County of San Francisco's Health and Human Services officials, that I ["]was incarcerated in their facility.["] This caused me to loose [sic] benefits I was otherwise [e]ntitled to. That statement was [e]ntirely false and kept me from receiving and maintaining benefits that would allow[ ] me to move elsewhere and ["]Early Termination of Federal Probation,["] and defamed my good character.

(*Id.* at 4.) Mr. Klassy seeks "$14.4 Million," based on the yearly salary of GEO's Chief Executive Officer, because GEO "kept [Mr. Klassy] 'Wrongly Incarcerated' for one and one half years." (*Id.*)

**LEGAL STANDARD**

The Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis upon a determination that the case is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The standard of review under 28 U.S.C. § 1915(e)(2) mirrors that of Rule 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). Thus, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). To avoid dismissal, a complaint must contain more than "naked assertion[s]," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When a plaintiff files a complaint pro se, the court must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation marks and citation omitted). Upon dismissal, pro se plaintiffs proceeding in forma pauperis must be given leave to "to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) (internal quotation marks and citation omitted).

**DISCUSSION**

The gravamen of Mr. Klassy's complaint is that GEO, a "Private Prison Corporation," falsely reported to SSA officials that Mr. Klassy "was incarcerated in [a GEO] facility," and as a result of that false report, Mr. Klassy was wrongly incarcerated and lost benefits he was otherwise entitled to. (*See generally* Dkt. No. 1.) Mr. Klassy also alleges that GEO employees unlawfully removed personal property from his room during inspections in March 2017 and June 2018. At

the outset, the Court must address whether it has subject matter jurisdiction over Mr. Klassy's claims.

## I. Subject Matter Jurisdiction

Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise "under the Constitution, laws, or treaties of the United States." Subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Mr. Klassy asserts subject matter jurisdiction on the basis of both federal question under section 1331 and diversity jurisdiction under section 1332. The Court addresses each bases in turn.

### A. Federal Question Jurisdiction

Mr. Klassy asserts federal question jurisdiction based on claims under the "Social Security Act," and the "Social Security Disability Act and The Rehabilitation Act." (Dkt. No. 1 at 3). However, Mr. Klassy identifies no specific section of those federal statutes providing for the type of private right of action against a non-governmental entity that his complaint suggests. Further, to the extent the complaint could be liberally construed to implicate a constitutional violation based on the single reference to wrongful incarceration, Mr. Klassy's complaint is similarly deficient. Constitutionally-based actions cannot be maintained against private corporations like GEO that manage federal prisons because alternative remedies—"state tort law damages action[s]"—are available. *See Minneci v. Pollard*, 565 U.S. 118, 125 (2012) (citing *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 70-73 (2001)). Indeed, in *Pollard* the Supreme Court reversed the Ninth Circuit's ruling in *Pollard v. The GEO Group, Inc.*, 607 F.3d 583, 603, as amended, 629 F.3d 843, 868 (9th Cir. 2010), which "found that the Eighth Amendment provided Pollard with a [constitutionally-based] *Bivens* action." *Pollard*, 565 U.S. at 122 (referencing *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 389 (1971) (holding that violation of the Fourth Amendment "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct.")).

In the absence of any underlying statutory or constitutional basis for Mr. Klassy's purported federal question claims, his complaint fails as a matter of law. *See Vaden v. Discover*

*Bank*, 556 U.S. 49, 60 (2009) ("Under the longstanding well-pleaded complaint rule, . . . a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].") (internal quotation marks and citation omitted) (alteration in original).

### B. Diversity Jurisdiction

Diversity jurisdiction under section 28 U.S.C. § 1332 requires complete diversity of citizenship—"each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). Here, the complaint satisfies diversity of citizenship based on Mr. Klassy's citizenship in California and GEO's incorporation and principle place of business in Florida. Diversity jurisdiction also requires an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a). "Generally, the amount in controversy is determined from the face of the pleadings[,]" and "[t]he sum claimed by the plaintiff controls so long as the claim is made in good faith." *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* (internal quotation marks and citation omitted).

The complaint alleges an amount in controversy of "$14.4 Million" based solely on the yearly salary of GEO's Chief Executive Officer, George Zoley. Mr. Klassy alleges no facts indicating that his actual damages exceed $75,000; the amount in controversy instead appears entirely punitive. "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Thus, to the extent the complaint could be liberally construed to sound in negligence based on GEO's allegedly false report to the SSA, the Court cannot conclude "to a legal certainty" that Mr. Klassy's "claim is really for less than the jurisdictional amount." *See Crum*, 231 F.3d at 1131. Similarly, to the extent the complaint could be construed to assert common law claims of trespass, invasion of privacy, or conversion based on allegations that GEO Group "removed" personal property from Mr. Klassy's room, the Court cannot conclude that Mr. Klassy's claims do not meet the jurisdictional amount.

In liberally construing the complaint, the Court concludes that it has subject matter jurisdiction over the case based on diversity jurisdiction.

## II. Sufficiency of the Complaint

As previously discussed, the Court liberally construes the complaint as asserting state tort law causes of action. The Court concludes, however, that the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570. Mr. Klassy does not identify any specific causes of action, nor does he allege how his residence came to be searched by GEO employees, or why GEO's representation to SSA that Mr. Klassy "was incarcerated in their facility" was unlawful. Mr. Klassy merely alleges that GEO's statement was "false," but does not explain *why* it was false. The lack of allegations in this regard is critical given that Mr. Klassy references "Early Termination of Federal Probation," which suggests that he was on probation and subject to search at the time of the incidents. In other words, Mr. Klassy's complaint appears to contradict his assertion that GEO's statement was false.

In the absence of sufficient factual allegations from which the Court can reasonable infer that GEO "is liable for the misconduct alleged," the complaint fails. *See Iqbal*, 556 U.S. at 678.

## CONCLUSION

For the reasons set forth above, Mr. Klassy's complaint fails section 1915 review. Mr. Klassy may file an amended complaint within 30 days; his amended complaint must identify his claims and include a plain statement of facts in support.

The Court encourages Mr. Klassy to seek free assistance from the Northern District's Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102. Mr. Klassy can make an appointment in person or by calling (415) 792-8982.

**IT IS SO ORDERED.**

Dated: January 25, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

1
2
3
4  UNITED STATES DISTRICT COURT
5  NORTHERN DISTRICT OF CALIFORNIA
6
7  THOMAS KLASSY,                          Case No. 18-cv-07565-JSC
         Plaintiff,
8
     v.                                    **CERTIFICATE OF SERVICE**
9
   THE GEO GROUP, INC.,
10
         Defendant.
11
12      I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
13  District Court, Northern District of California.
14      That on January 25, 2019, I SERVED a true and correct copy(ies) of the attached, by
15  placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
16  depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
17  receptacle located in the Clerk's office.
18
19  Thomas Klassy
    1353 48th Avenue
20  San Francisco, CA 94122
21
22
    Dated: January 25, 2019
23
24                                          Susan Y. Soong
                                            Clerk, United States District Court
25
26
27  By:_____
    Ada Means, Deputy Clerk to the
28  Honorable JACQUELINE SCOTT CORLEY

6